Our File No. 202667

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IYIESHA McCRAY | : |
|         Plaintiff | : |
| | : |
| v. | : |
| | :   **DOCKET NO.** |
| WERNER ENTERPRISES, INC., | : |
| WALTER JARRETT JACOB, | : |
| JOHN DOES 1-10 (fictitious), and | : |
| ABC CORPS 1-10 (fictitious) | : |
|         Defendants | : |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

Defendant, Werner Enterprises, Inc., by and through its attorneys, Salmon Ricchezza Singer & Turchi, LLP, respectfully avers as follows:

1. At all material times, Plaintiff, Iyiesha McCray is a citizen of the State of New Jersey with an address of 883 South 14th Street, Newark, New Jersey. (See Plaintiff's Complaint, attached as Exhibit "A.")

2. At all material times, defendant, Jarrett Jacob Walter (i/p/a Walter Jarrett Jacob) is a citizen of the Commonwealth of Pennsylvania with an address of 325 East Broad Street, Nanticoke, Pennsylvania. (See Police Report, attached as Exhibit "B.")

3. At all material times, defendant, Werner Enterprises, Inc., is a business entity organized under the laws of the State of Nebraska with its principal place of business at 14507 Frontier Road, Omaha, Nebraska.

4. Plaintiff initiated this action by Complaint filed in the Superior Court of New Jersey, Essex County Law Division on or about July 21, 2022. (See Exhibit "A.")

{J0803206.DOCX}

5. Plaintiff's Complaint was forwarded to Werner Enterprises, Inc. by certified and regular mail and received on July 26, 2022. (See Exhibit "A.")

6. Upon information and belief, defendant Jarrett Jacob Walter has not been served with Plaintiff's Complaint, but through counsel herein he consents to this removal pursuant to 28 U.S.C. 1446(b)(2)(C.)

7. The within Petition for Removal is timely pursuant to 28 U.S.C. 1446(b)(1) as filed within 30 days of removing defendant Werner Enterprises, Inc.'s receipt of the Complaint through service or otherwise.

8. Plaintiff's Complaint alleges she sustained:

> serious and permanent bodily injuries, has suffered and will suffer great pain, shock and mental anguish, was and still is incapacitated and will be permanently disabled, has been and in the future will be obliged to expend and incur large sums of money for medical services, care medication and treatment, and was and is unable to attend to her usual duties. (See Exhibit "A" at Count I, ¶ 4.)

9. Although Plaintiff's Complaint does not further specify her alleged permanent injuries and incapacities and does not contain an *ad damnum* clause alleging pecuniary damages, pre-Complaint documents forwarded by counsel confirm the following injuries alleged injuries:

- Disc herniations at C2-3, C3-4, C4-5, C5-6, C6-7 with associated annular tears and bulging and spurring and bilateral foraminal stenosis at all levels;
- L4-5 disc bulge indenting the ventral thecal sac with foraminal narrowing and bilateral hypertrophic facet disease;
- L5-S1 disc herniation indenting the ventral thecal sac with annular tear, superimposed disc bulge, foraminal narrowing and bilateral hypertrophic facet disease;
- Multi-level cervical radiculopathy accompanying cervical disc herniations;
- L4-5 lumbar radiculopathy accompanying lumbar disc bulge;
- L5-S1 lumbosacral radiculopathy accompanying lumbosacral herniation;
- Cervical sprain/strain;
- Thoracic sprain/strain;
- Lumbar sprain/strain;
- Low back pain;
- Low back spasms;
- Left knee joint sprain;

{J0803206.DOCX}

- Left knee joint pain  (See June 30, 2021 Record from Pain Vein & Aesthetics Management, attached as Exhibit "C.")

10. In addition, pre-Complaint documentation includes the following alleged treatment:

- Post-accident emergency room treatment;
- In excess of 8 weeks of chiropractic visits with Edward Chesney, D.C. commencing August 2020 and continuing through June 30, 2021;
- At least 56 physical therapy appointments at Affiliated Sports Clinic commencing January 5, 2021 and continuing through July 14, 2021;
- Lumbar epidural steroid injection, March 10, 2021 at Pain Vein & Aesthetics Management;
- Lumbar epidural steroid injection, April 20, 2021 Pain Vein & Aesthetics Management;
- Lumbar epidurogram on April 28, 2021 Pain Vein & Aesthetics Management;
- Lumbar epidural steroid injection, May 26, 2021 Pain Vein & Aesthetics Management;

(See Exhibit "C;" see also Report of April 28, 2021 lumbar epidurogram attached as Exhibit "D;" Summary of 4/6/21 to 7/14/21 charges from Affiliated Sports Clinic, attached as Exhibit "E.")

11. Finally partial medical bills in the pre-Complaint documentation include a balance of $10,471.20 from Pain Vein & Aesthetics Management and $2,250 for 13 of her 56 appointments at Affiliate Sports Clinic [extrapolated to $9,626 for 56 visits if billed at the same rate], and $750 for two emergency room x-rays; or $20,913 exclusive of bills for emergency room treatment, an unspecific number of chiro visits for approximately 10 months, cervical and lumbar MRIs and cervical and lumbar EMG/NCV studies.  (See Exhibit "C," Exhibit "E;" see also Summary of Charges from Pain Vein & Aesthetics Management, attached as Exhibit "F," Summary of Newark Beth Israel X-Rays, attached as Exhibit "G.")

12. Therefore, there is an alleged amount in controversy of at least $75,000 by a preponderance of competent, credible evidence within the meaning of 28 U.S.C. § 1332.

10. Diversity of citizenship within the meaning of 28 U.S.C. § 1332 exists between the Plaintiff and Defendants because:

    a.  Plaintiff was and is a citizen of the State of New Jersey;

{J0803206.DOCX}

b. Defendant, Jarrett Jacob Walter (i/p/a Walter Jarrett Jacob) was and is a citizen of the Commonwealth of Pennsylvania;

c. Defendant, Werner Enterprises, Inc. was and is a corporation organized under the laws of the State of Nebraska with its principal place of business in Nebraska.

11. Diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing this notice, such that defendant is entitled to removal pursuant to 28 U.S.C. § 1441, as amended, and 28 U.S.C. § 1446.

WHEREFORE, defendant, Werner Enterprises, Inc., herein pray that the above-captioned action now pending in the Superior Court of New Jersey, Law Division, Essex County, be removed therefrom to this Honorable Court.

**SALMON RICCHEZZA SINGER & TURCHI, LLP**

By: */s/ Jeffrey A. Segal*
Jeffrey A. Segal, Esquire
123 Egg Harbor Road, Suite 406
Sewell, NJ 08080
(856) 842-0762
jsegal@srstlaw.com
Attorneys for Defendant,
Werner Enterprises, Inc.

Dated: 8-11-22

{J0803206.DOCX}